UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WIWYNN CORPORATION,<br><br>           Plaintiff,<br><br>    v.<br><br>X CORP.,<br><br>           Defendant. | Case No. 24-cv-05322-AGT<br><br>**ORDER ON MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 15, 26 |

       In this order, the Court resolves two pending motions to seal, one filed by plaintiff Wiwynn Corp. and the other by defendant X Corp.

       1. <u>Wiwynn's Motion to Seal</u>

       Wiwynn attached to its amended complaint a copy of the contract it alleges X Corp. breached. Wiwynn seeks to seal the contract and to redact quotations from it in the amended complaint. Sealing and redacting is warranted, Wiwynn says, because the contract prohibits the parties from publicly disclosing confidential information, a term covering the contract itself. *See* Dkt. 26 at 3 ("Plaintiff is under a contractual obligation to not publicly disclose the contents of the agreement.").

       The public has a legitimate interest in "understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (simplified). This interest will be frustrated if the parties' contract is sealed and its provisions are redacted. The contract is, in large part, what the case is all about. Without it, the public will be left almost

entirely in the dark about the case's merits.

Wiwynn understandably doesn't want to breach the contract's confidentiality clause, but that clause allows the parties to disclose confidential information if required by "court order." Dkt. 26-3, MPA § 7.2. The confidentiality clause explains why Wiwynn filed the contract under seal provisionally, but it doesn't justify keeping the contract under seal. *See Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) ("Although the Hospital has indicated that the contract contains a confidentiality clause, it has failed to submit any specific argument or facts indicating why the confidentiality of the contract outweighs the presumption of public access.") (simplified).

The Court denies Wiwynn's motion to seal the contract and to redact quotations from it in the amended complaint. By February 6, 2025, Wiwynn must publicly file the contract and a version of the amended complaint that doesn't redact quotations from it.

\* \* \*

As additional exhibits to its amended complaint, Wiwynn attached (i) several product exhibits, which detail IT products Wiwynn built or planned to build for X Corp.; (ii) an email thread in which Wiwynn and X Corp. discussed forecasts, component lists, and procurement; and (iii) an email thread in which X Corp. promised to reimburse Wiwynn for purchasing excess components. *See* Dkts. 26-4 to -6. Wiwynn has moved to seal these exhibits and to redact quotations or paraphrases of them in the amended complaint.

Wiwynn's request is overbroad. The product exhibits and emails include many technical and pricing details, but these details aren't revealed in the quotes and paraphrases included in the amended complaint. X Corp. also quotes from the product exhibits without redaction in its motion to dismiss the amended complaint, *see, e.g.*, dkt. 37 at 9, further

suggesting that the exhibits are not entirely highly sensitive.

The Court denies Wiwynn's motion to seal the product exhibits and emails and to redact quotations or paraphrases of them in the amended complaint. In an amended motion to seal, Wiwynn or X Corp. may propose narrowly tailored redactions if warranted. Otherwise, by February 6, 2025, Wiwynn must file unredacted public versions of these documents and an unredacted version of the amended complaint.

2. X Corp.'s Motion to Seal

X Corp. seeks to seal product exhibits attached to its motion to dismiss the *original* complaint. *See* Dkt. 15. Wiwynn voluntarily amended its complaint, so X Corp.'s motion to dismiss the original complaint is moot. *See* Dkts. 27, 30. In this context, in which technical documents are attached to a motion that needn't be ruled upon, the Court concludes that the parties' interest in protecting sensitive commercial information, *see* dkt. 15-1, Sheeren Decl. ¶ 9, outweighs the public's right of access. X Corp.'s motion to seal is granted.

**IT IS SO ORDERED.**

Dated: January 30, 2025

Alex G. Tse
United States Magistrate Judge