SAWYER & LABAR LLP
ADRIAN SAWYER, State Bar No. 203712
*sawyer@sawyerlabar.com*
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: 415.262.3820

GIBBS & BRUNS LLP
David Sheeren *(pro hac vice)*
dsheeren@gibbsbruns.com
Caitlin Halpern *(pro hac vice)*
chalpern@gibbsbruns.com
Nick Beachy *(pro hac vice)*
nbeachy@gibbsbruns.com
1100 Louisiana St # 5300
Houston, TX 77002
713-650-8805 *(phone)*
713-750-0903 *(fax)*

*Attorneys for Defendant X Corp.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WIWYNN CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>X CORP.,<br><br>　　　　　Defendant. | Case No. 3:24-cv-05322-AGT<br><br>**DEFENDANT X CORP.'S ANSWER TO WIWYNN'S FIRST AMENDED COMPLAINT** |

Defendant X Corp. ("X") files this Answer to the First Amended Complaint filed by Plaintiff Wiwynn Corporation ("Wiwynn"). Except as expressly admitted herein, X denies each and every allegation contained in Wiwynn's Complaint, including but not limited to any allegations contained in headings or subheadings. X reserves the right to amend and/or supplement this Answer, including but not limited to the affirmative defenses set forth herein.

## NATURE OF ACTION

1. X lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. X admits the allegations in Paragraph 2.

3. X admits that the parties entered a Master Purchase Agreement effective as of September 24, 2014. X otherwise denies the allegations in Paragraph 3.

4. X denies the allegations in Paragraph 4.

5. X denies the allegations in Paragraph 5.

## PARTIES

6. X lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. X admits that it is a corporation organized and existing under the laws of Nevada. X otherwise denies the allegations in Paragraph 7.

## JURISDICTION AND VENUE

8. The allegations in Paragraph 8 are legal conclusions and do not require a response. To the extent Paragraph 8 contains statements of fact, X admits the allegations in Paragraph 8.

9. The allegations in Paragraph 9 are legal conclusions and do not require a response. To the extent Paragraph 9 contains statements of fact, X admits that Wiwynn has accurately quoted the referenced provision of the parties' Agreement. Except as specifically admitted, the allegations in Paragraph 9 are denied.

10. The allegations in Paragraph 10 are legal conclusions and do not require a response. To the extent Paragraph 10 contains statements of fact, the allegations in Paragraph 10 are denied.

### FACTUAL ALLEGATIONS

11. X lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. X admits that the parties entered a Master Purchase Agreement effective as of September 24, 2014 and that a true and correct copy of that Agreement is attached to the Complaint as Exhibit A. Except as specifically admitted, the allegations in Paragraph 12 are denied.

13. X admits the allegations in Paragraph 13 only to the extent they are consistent with the Master Purchase Agreement and Product Exhibits, which speak for themselves. X also admits that true and correct copies of certain Product Exhibits are attached to the Complaint as Exhibit B. Except as specifically admitted, the allegations in Paragraph 13 are denied.

14. X admits that the Product Exhibits, which speak for themselves, contain appendices titled "Unique Long Lead-Time Components." X otherwise denies the allegations in Paragraph 14.

15. X denies the allegations in Paragraph 15.

16. X admits that Wiwynn has accurately quoted Section 4.3.3 of the parties' Agreement. Except as specifically admitted, the allegations in Paragraph 16, including that "X Corp.'s forecasts for custom components were binding," are denied.

17. X admits that Wiwynn has accurately quoted the cited portions of the Product Exhibits. X otherwise denies the allegations in Paragraph 17.

18. X lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 related to Wiwynn's internal practices. X otherwise denies the allegations in Paragraph 18.

19. X admits that true and correct copies of certain email correspondence are attached to the Complaint as Exhibit C. X otherwise denies the allegations in Paragraph 19.

20. X admits that Wiwynn has accurately quoted portions of the email correspondence attached to the Complaint as Exhibit C. X otherwise denies the allegations in Paragraph 20.

21. X admits that true and correct copies of certain email correspondence are attached to the Complaint as Exhibit D. X otherwise denies the allegations in Paragraph 21.

22. X admits that Wiwynn has accurately quoted portions of the email correspondence attached to the Complaint as Exhibit D. X otherwise denies the allegations in Paragraph 22.

23. X admits that Wiwynn has accurately quoted portions of the email correspondence attached to the Complaint as Exhibit D. X otherwise denies the allegations in Paragraph 23.

24. X denies the allegation in Paragraph 24.

25. X admits that it placed certain Purchase Orders with Wiwynn and made full payment for Products delivered by Wiwynn and accepted by X pursuant to those Purchase Orders. X otherwise denies the allegations in Paragraph 25.

26. X denies the allegations in Paragraph 26.

27. X denies the allegation in Paragraph 27.

28. X denies the allegation in Paragraph 28.

29. X admits that the parties have attempted to resolve their dispute, including through mediation. X otherwise denies the allegation in Paragraph 29.

30. X lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 related to Wiwynn's purported efforts to cancel, resell, or repurpose the disputed components. X otherwise denies the allegations in Paragraph 30.

31. X lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. X denies the allegations in Paragraph 32.

**COUNT I (BREACH OF CONTRACT)**

33. X incorporates its responses to Paragraphs 1-32 above.

34. X admits the allegations in Paragraph 34.

X CORP.'S ANSWER TO WIWYNN'S FIRST AMENDED COMPLAINT

35. X admits that the parties did not execute a Product Exhibit for F6AWW. X otherwise denies the allegations in Paragraph 35.

36. X denies the allegations in Paragraph 36.

37. X denies the allegations in Paragraph 37.

38. X admits that Wiwynn has accurately quoted Section 11.3 of the parties' Agreement, except that Wiwynn has underlined text that is not underlined in the original. X otherwise denies the allegations in Paragraph 38.

39. X denies the allegations in Paragraph 39.

40. X denies the allegations in Paragraph 40.

## COUNT II (PROMISSORY ESTOPPEL)

41. No response is required because this claim has been dismissed. For the avoidance of doubt, X incorporates its responses to Paragraphs 1-40 above.

42. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 42.

43. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 43.

44. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 44.

45. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 45.

46. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 46.

47. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 47.

**COUNT III (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)**

48. No response is required because this claim has been dismissed. For the avoidance of doubt, X incorporates its responses to Paragraphs 1-47 above.

49. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 49.

50. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 50.

51. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 51.

52. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 52.

**COUNT IV (INTENTIONAL MISREPRESENTATION)**

53. No response is required because this claim has been dismissed. For the avoidance of doubt, X incorporates its responses to Paragraphs 1-52 above.

54. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 54.

55. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 55.

56. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 56.

57. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 57.

58. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 58.

**COUNT V (NEGLIGENT MISREPRESENTATION)**

59. No response is required because this claim has been dismissed. For the avoidance of doubt, X incorporates its responses to Paragraphs 1-58 above.

60. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 60.

61. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 61.

62. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 62.

63. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 63.

64. No response is required because this claim has been dismissed. For the avoidance of doubt, X denies the allegations in Paragraph 64.

X denies that Wiwynn is entitled to any relief requested in the prayer.

**X'S AFFIRMATIVE DEFENSES**

X pleads the following defenses, some of which may be affirmative defenses on which X will have the burden of proof. By pleading these defenses, X does not assume the burden of proof on any defenses for which it would not otherwise have the burden of proof. On issues where Wiwynn has the burden of proof, the fact that X has not itemized a defense for that issue is not a waiver of X's right to contest Wiwynn's attempt to carry its burden.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

Wiwynn's Complaint, and the sole remaining cause of action alleged therein, fails to state a claim on which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to Perform and Prior Material Breach)

Wiwynn's claim is barred by its own breaches of contract, including but not limited to

prior material breaches.

## THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

Wiwynn's claim is barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

Wiwynn's claim is barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

(Equitable Estoppel)

Wiwynn's claim is barred by the doctrine of equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE

(Quasi-Estoppel)

Wiwynn's claim is barred by the doctrine of quasi-estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

(Waiver)

Wiwynn's claim is barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

(Laches)

Wiwynn's claim is barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Wiwynn's claim is barred by its failure to mitigate damages.

## TENTH AFFIRMATIVE DEFENSE

(Failure of Conditions Precedent)

Wiwynn's claim is barred by the failure of conditions precedent.

## ELEVENTH AFFIRMATIVE DEFENSE

(Contractual Limitation of Liability)

Wiwynn's claim for damages is barred in part by Section 9 of the Master Purchase

Agreement, which limits X's maximum liability under the contract.

## TWELFTH AFFIRMATIVE DEFENSE

(Parol Evidence Rule)

Wiwynn's claim is barred, in whole or in part, by the parol evidence rule, including but not limited to section 1856 of the Code of Civil Procedure.

## PRAYER FOR RELIEF

X denies that Wiwynn is entitled to any of the relief requested in the Complaint. WHEREFORE, X prays:

1. That Wiwynn takes nothing by reason of its Complaint;

2. That judgment be rendered in favor of X;

3. That X be awarded its costs of suit and reasonable attorneys fees incurred in defense of this action, to the full extent permitted by law; and

4. That the Court provide such other relief as it deems proper.

## JURY TRIAL DEMANDED

X demands a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all claims so triable.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DATED: February 28, 2025                Respectfully submitted,

**SAWYER & LABAR LLP**

By: */s/ Adrian Sawyer*
 Adrian Sawyer

Adrian Sawyer, State Bar No. 203712
SAWYER & LABAR LLP
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: 415.262.3820
sawyer@sawyerlabar.com

**GIBBS & BRUNS LLP**
David Sheeren *(pro hac vice)*
dsheeren@gibbsbruns.com
Caitlin Halpern *(pro hac vice)*
chalpern@gibbsbruns.com
Nick Beachy *(pro hac vice)*
nbeachy@gibbsbruns.com
1100 Louisiana St # 5300
Houston, TX 77002
713-650-8805 *(phone)*
713-750-0903 *(fax)*

*Attorneys for Defendant X Corp.*